MANN, Judge.
In 1962 appellant erected the Aquatarium on a site zoned for “sports or recreational activities.” Later the zoning ordinance was amended to include appellant’s land within a “tourist commercial district” and to provide that within such a zoning classi *338 fication commercial amusements were to be permitted only as conditional uses after review by the Planning Board and approval by the City Council.
In December of 1968 Marine Attractions obtained an occupational license to operate “kiddie rides,” the fee therefor covering the operator, Marine Attractions, and ten devices. Early in January, the city took action to stop the erection of what seems a large-scale amusement park, with a ferris wheel and other rides patronized, according to one witness, by kids “from four to eighty-three.” Marine obtained a temporary injunction restraining the city from forbidding operation of its “kiddie rides and devices.” After hearing testimony the trial judge dissolved the injunction and this appeal ensued.
Marine argues that the amusement park is a permissible extension of its original use of the property, which had become nonconforming. Our courts have allowed, sensibly, a previously existing business to change its mode of operating the same business as circumstances require. Milling v. Berg, Fla.App. 1958, 104 So.2d 658. But this doesn’t mean that a corporation operating an aquarium attraction can build a separate amusement park and describe it as a use accessory to the nonconforming aquarium.
Appellant also argues that the city is estopped to forbid operation of the amusement park. Part of the estoppel argument rests on allowance of construction after the zoning ordinance amendment of tanks used in the aquarium operation and the construction of a “Museum of Life” which, like the amusement park, can be operated independently of the Aquatarium. The tanks might well be classified as accessory structures. The purpose of the building now housing the “Museum of Life” was not disclosed in the application for building permit, and the legality of its operation is not involved iji this litigation. The trial judge correctly held that the city is not estopped by this construction. Then the appellant argues that the city manager, mayor and a city councilman, as well as the occupational license clerk, had indicated, after a less than candid disclosure of appellant’s plans, that there would be “no problem.” This aspect of the estoppel argument rests on conflicting testimony, after hearing which the trial judge ruled that the city officials acquainted by the appellant’s agents with its plans were led to believe that the appellant contemplated installing the sort of kiddie rides usually found on supermarket sidewalks, put there to absorb a father’s dimes and a child’s attention while the mother shops. That finding is supported and we cannot disturb it. See Rathkopf, Zoning and Planning, cc. 23, 59.
Affirmed.
LILES, C. J., and PIERCE, J., concur.